**IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
Richmond Division**

**JOSEPH A. MILES, III,**

      Plaintiff,

v.                                                    Civil Action No. **3:10cv162**

**WILLIAM MOORE, III,** *et al.,*

      Defendants.

**MEMORANDUM OPINION**

Joseph A. Miles, III, a Virginia prisoner proceeding *pro se* and *in forma pauperis*, filed

this action pursuant to 42 U.S.C. § 1983. Miles claims that Defendants violated his rights under

the First Amendment[1] and the Religious Land use and Institutionalized Persons Act

("RLUIPA")[2] by denying his right to freely exercise his religion. On March 3, 2011, by

Memorandum Opinion and Order, the Court granted Defendants' Motion for Summary Judgment

and dismissed Miles's claims. *Miles v. Moore*, No. 3:10cv162, 2011 WL 837164, at \*7 (E.D.

Va. Mar. 3, 2011). Miles appealed this decision to the United States Court of Appeals for the

Fourth Circuit. On October 19, 2011, the Fourth Circuit affirmed this Court's dismissal of

Miles's First Amendment claim and vacated this Court's dismissal of Miles's RLUIPA claim.[3]

*Miles v. Moore*, No. 11–6466, 2011 WL 4957956, at \*2 (4th Cir. Oct. 19, 2011).

---

[1] "Congress shall make no law respecting an establishment of religion, or prohibiting the free exercise thereof . . . ." U.S. Const. amend. I.

[2] 42 U.S.C. § 2000cc-1(a)(1)–(2).

[3] In the March 3, 2011 Memorandum Opinion, the Court held that Miles failed to show that "the allegedly burdened religious exercises [were] important 'beliefs'" within the meaning of RLUIPA. *Miles*, 2011 WL 837164, at \*6. Consequently, the Court reasoned, Miles could not establish a substantial burden upon his religious exercise. Thus, Miles failed to shift the burden

In its October 19, 2011 opinion, the Fourth Circuit held that the record established that Defendants placed a substantial burden on Miles's religious exercise within the meaning of RLUIPA. *Id.* at *2. Accordingly, the Fourth Circuit vacated the dismissal of Miles's RLUIPA claim and ordered this Court to "proceed to the next step of determining whether [Defendants] could demonstrate that the burden furthers a compelling governmental interest by the least restrictive means. . . . [by] evaluat[ing] whether the open enrollment policy is the least restrictive means to further a compelling governmental interest." *Id.*

In accordance with the Fourth Circuit's opinion, Defendants will be DIRECTED to submit a motion for summary judgment supporting their position that the open enrollment policy furthers a compelling governmental interest and is the least restrictive means of furthering that interest.[4]

Additionally, Miles has submitted a Motion to Disqualify in which he argues that the Court should not allow the Virginia Office of the Attorney General to represent Defendant Moore because Moore, an institutional chaplain, is not a state employee. (Mot. Disqualify 1.) On October 22, 2010, Miles made a Motion to Strike in which he advanced this same argument. (Docket No. 30.) On February 16, 2011, the Court denied Miles's Motion to Strike. (Docket No. 33.) The Fourth Circuit found no error in this denial. *Miles,* 2011 WL 4957956, at *1. Accordingly, Miles's Motion to Disqualify (Docket No. 47) will be DENIED.

---

to Defendants to demonstrate that the burden furthers a compelling governmental interest by the least restrictive means. *Id.* Accordingly, the Court dismissed Miles's RLUIPA claim.

[4] The Court reminds Defendants that both this Court and the Fourth Circuit found Defendants' initial briefing on this issue inadequate. *See Miles,* 2011 WL 837164, at *6 n.9; *Miles,* 2011 WL 4957956, at *2 ("On this record, we cannot conclude that the open enrollment policy is the least restrictive means of achieving a compelling interest."). The Court also reminds Defendants that their memorandum must comply with *Roseboro v. Garrison,* 528 F.2d 309 (4th Cir. 1975).

Miles also has filed a document entitled Motion for Settlement. This document appears to be an offer of settlement directed to Defendants. Thus, it requires no action from the Court. Accordingly, the Clerk will be DIRECTED to TERMINATE the Motion for Settlement (Docket No. 49) as a pending motion. No further action will be taken on the Motion for Settlement.

An appropriate Order shall issue.

Date: 2-21-12
Richmond, Virginia

/s/
James R. Spencer
United States District Judge